UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THERESA HENNS,

                Plaintiff,

v.                                        Case No.  5:11-cv-55-Oc-37TBS

MONY LIFE INSURANCE COMPANY OF
AMERICA,

                Defendant.
_____

## ORDER

Pending before the Court is Defendant Mony Life Insurance Company of America's Motion to Strike Plaintiff's Designation of Expert Witnesses and Preclude Expert Testimony at Trial. (Doc. 42).  In its Motion, Defendant seeks to strike as untimely Plaintiff's designation of Bill Hager as an expert witness and bar his testimony at trial.  There is no dispute that Plaintiff disclosed Mr. Hager on August 2, 2011, after Plaintiff's expert disclosure deadline.[1]

In response, Plaintiff contends that if defense counsel had complied with Rule 3.01(g) and conferred with opposing counsel before filing the instant motion, he would have learned that Mr. Hager's disclosure was "not an official designation under Fed.R.Civ.P. 26(a)(2)(B)" and that he is a "rebuttal witness to Defendant/Counter-Plaintiff's expert if one is properly disclosed." (Doc. 43).  According to Plaintiff, Mr

---

[1] Pursuant to the Case Management Report, Plaintiff's expert disclosure deadline was July 1, 2011. (Doc. 14).  The parties subsequently agreed to an extension of this deadline until July 15, 2011. (Doc. 42, Exhibit A).

Hager will provide expert testimony in support of Plaintiff's defenses to Defendant's counterclaim -- and not in support of Plaintiff's case in chief.

After reading the Motion and response thereto, the Court is left to wonder why this Motion is pending before the Court.  First, had defense counsel conferred with opposing counsel before filing the instant motion, they could have resolved this dispute without involving the Court.  Counsel is reminded of their ongoing obligations under Local Rule 3.01(g).  Second, assuming (as Plaintiff represents) that Mr. Hager is a rebuttal expert, it necessarily follows that he need not be disclosed unless and until Defendant discloses an expert witness.  However, based on the record before the Court, it appears that Defendant has not designated any expert witnesses and its time for doing so has passed.[2]

Accordingly, Defendant Mony Life Insurance Company of America's Motion to Strike Plaintiff's Designation of Expert Witnesses and Preclude Expert Testimony at Trial. (Doc. 42) is due to be **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on September 19, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:
All Counsel

---

[2] Pursuant to the parties' Case Management Report, Defendant's deadline for disclosure of expert reports was August 1, 2011. (Doc. 14).   It appears, however, that the parties agreed to an extension of this deadline until August 15, 2011. (Doc. 42, Exhibit A).

2