UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THERESA HENNS,

                Plaintiff,

v.                                                        Case No. 5:11-cv-55-Oc-37TBS

MONY LIFE INSURANCE COMPANY OF
AMERICA,

                Defendant.
_____

ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery (Doc. 32) and Plaintiff's Second Motion to Compel (Doc. 44). Defendant filed responses in opposition. (Docs. 37, 49). Plaintiff filed a notice concerning partial resolution of the first motion to compel. (Doc. 41). On October 12, 2011, the Court conducted a hearing on both motions to compel, the transcript of which has been filed. (Doc. 53).[1]

    I.      BACKGROUND

This case involves a dispute over the proceeds of a life insurance policy in the amount of $650,000 issued by Defendant, MONY Life Insurance Company of America, on the life of Robert G. Harvey. The policy initially was issued on July 24, 2000. According to Defendant, the policy lapsed on July 24, 2008 due to non-payment. Mr. Harvey later submitted a reinstatement application in October 2008 and the policy was reinstated effective December 1, 2008.

At the time of his death in March 2010, Mr. Harvey's wife, Theresa Henns, the Plaintiff in this action, was the beneficiary. Plaintiff subsequently made a request for

---

[1] All citations to the hearing transcript will be "Tr." followed by the applicable page(s).

payment of the policy proceeds.   According to Defendant, Mr. Harvey's death occurred during the policy's contestable period, and during its review, Defendant discovered that the reinstatement application contained misrepresentations and omissions that were material to Defendant's approval of the reinstatement.   Defendant asserts that it would not have reinstated the policy had it known the true answers to the questions and therefore, Defendant notified Plaintiff that it was rescinding the policy.

This litigation ensued.  On January 13, 2011, Plaintiff filed a Complaint against Defendant in the Circuit Court of the Fifth Judicial Circuit, Lake County, Florida for the payment of benefits under the policy.  Defendant removed the action to this Court and asserted a counterclaim against Plaintiff for rescission of the policy.

A number of issues have arisen related to Plaintiff's discovery requests.   This Order will address Plaintiff's Motion to Compel Discovery (Doc. 32) and Plaintiff's Second Motion to Compel Discovery. (Doc. 44).

II.	PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. 32)

Plaintiff's first Motion to Compel Discovery focuses on her First Set of Interrogatories (Doc. 32-1 at 1-12) and First Request for Production of Documents (Doc. 32-1 at 18-23).

<u>Plaintiff's First Set of Interrogatories</u>

On May 2, 2011, Plaintiff served her First Set of Interrogatories to Defendant. Pursuant to the Federal Rules of Civil Procedure, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories.  Fed.R.Civ.P. 33(b)(2).  The parties may stipulate to a shorter or longer time to respond.   <u>Id</u>.  "The grounds for objecting to an interrogatory

2

must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed.R.Civ.P. 33(b)(4).

At the hearing, Plaintiff's counsel conceded that he agreed to an extension of Defendant's deadline to respond to the interrogatories through June 14, 2011.  Tr. at 4.  On June 15, 2011, after receiving no discovery responses, Plaintiff's counsel sent an email to defense counsel advising of Plaintiff's willingness to resolve the outstanding discovery issues without a motion to compel provided Defendant produced the outstanding discovery by July 5, 2011. Doc. 32-1 at 17.   Defendant failed to serve discovery responses by July 5, 2011 whereupon Plaintiff filed her motion to compel on July 8, 2011.  That same day – and shortly after the motion to compel was filed – Defendant finally served answers to the interrogatories.

Despite email correspondence confirming the July 5, 2011 deadline, defense counsel, Eliott Good, now has filed a declaration in which he avers that he understood the deadline to be the week of July 5, 2011, and that he served the interrogatory answers on the last day of that week.  Doc. 37, Exhibit 1.  According to Mr. Good, at Mr. Bogeajis's June 9, 2011 deposition, he and Plaintiff's counsel discussed an extension of time through the week of July 8, 2011.   At the hearing, Plaintiff's counsel denied such an agreement and it is not reflected on the record of Mr. Bogeajis's deposition.  Tr. at 5.

Pursuant to M.D. Fla. Local Rule 4.15:

No stipulation or agreement between any parties or their attorneys, the existence of which is not conceded, in relation to any aspect of any pending case, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted.

3

Here, Plaintiff's counsel does not concede that he agreed to an extension through July 8, 2011 and the purported agreement was not reduced to writing; thus, the Court will not consider the alleged agreement and finds the Defendant failed to timely serve responses to Plaintiff's First Set of Interrogatories.

Because answers to the interrogatories were not timely served, and Defendant has not articulated good cause to excuse its failure to timely serve its responses,[2] Defendant's objections are waived. Fed.R.Civ.P. 33(b)(4); <u>Reliance Ins. Co. v. Core Carriers, Inc.</u>, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, *2 (M.D. Fla. June 11, 2008).[3]

Now, Plaintiff's Motion to Compel is GRANTED as to Plaintiff's First Set of Interrogatories. Within ten (10) days of this Order, Defendant shall provide Plaintiff with full and complete answers to the First Set of Interrogatories.

<u>Plaintiff's First Request for Production of Documents</u>

On May 2, 2011, Plaintiff also served her First Request for Production of Documents on Defendant. Defendant responded with objections and Plaintiff filed the instant motion to compel seeking an order compelling Defendant to produce documents responsive to the following two requests to produce:

<u>Request Number 2</u>
All correspondence between Daniel Bogeajis and Defendant concerning, pertaining to, or referencing, directly or indirectly, Plaintiff Robert G. Harvey or the Policy or any of the allegations contained within Plaintiff's Complaint from January 1, 2000 through the date of this Request for Production.

---

[2] Indeed, Defendant has failed to offer any meaningful explanation as to why it needed more than sixty (60) days to respond to the interrogatories.

[3] Based on this finding, the Court need not address Plaintiff's various arguments as to why the objections are inadequate.

Request Number 4
All correspondence, written applications for insurance, invoices, documents, communications, e-mails, contracts, notes or memoranda between Defendant and Plaintiff from January 1, 2000 through the date of this Request for Production.

Defendant objected to these requests on the grounds that they were overly broad, unduly burdensome and not relevant.

Plaintiff's counsel subsequently filed a notice advising the Court that on August 1, 2011, Plaintiff's counsel received from defense counsel 550 pages of emails from and to Defendant's agent dated on or after March 20, 2009. According to Plaintiff:

> By producing these emails, the parties have resolved, for the purposes of the Motion to Compel only, the issue regarding whether the local agent was Defendant's agent acting in his capacity as Defendant's Agent/Financial Advisor. This agency issue will likely be litigated in the future, but is now moot as it relates to Plaintiff's Motion to Compel.

Plaintiff continues to ask the Court to resolve, "[w]hether Defendant should produce the requested documents existing before March 20, 2009."

As an initial matter, the Court has no idea why Defendant chose March 20, 2009 as the operative date. At the hearing, counsel for Plaintiff and Defendant were unable to explain why this date was chosen.

With that said, while the Court agrees that the information sought by these requests is relevant to issues raised in this action, the requests, as drafted, are overly broad. Because the inquiry in this action focuses on the reinstatement application in August 2008, Plaintiff is entitled to the records beginning one year prior to the date of the reinstatement application.[4]

---

[4] Even Defendant acknowledged that "the principal issue" in this matter focuses on the reinstatement of the policy, which occurred in the second half of 2008. Doc. 37 at 4-5.

Therefore, Defendant's objections to the Requests to Produce are overruled and Plaintiff's motion to compel is GRANTED. Within ten (10) days of this Order, Defendant shall produce all documents responsive to Plaintiff's Requests to Produce numbered 2 and 4 dating from and after August 1, 2007.

Redacted Documents

Plaintiff also asks the Court to compel Defendant to produce un-redacted copies of two documents – MONY-100 and MONY-109. In its privilege log, Defendant asserted that the portions of the documents were redacted because of the attorney-client privilege and the attorney-work product doctrine.

After the hearing, counsel for Defendant provided copies of these documents for in camera inspection. The Court has reviewed these documents and finds the redacted portions report legal advice from MONY's in-house counsel. Therefore, Plaintiff's motion to compel is DENIED as to these redacted documents. Defendant is not required to produce un-redacted copies of MONY-100 and MONY-109.

Attorneys' Fees and Costs

The Court finds that an award of fees and expenses in bringing the motion to compel is mandated by Rule 37(a)(4)(A).[5] Where, as here, the motion to compel is granted and was caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court

---

[5] See Fed. R. Civ. P. 37(a)(5)(A)("if [a motion to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must ... require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . .."(emphasis added).

6

action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of these exceptions are presented here. Indeed, before filing this motion counsel for Plaintiff corresponded with Defendant's counsel several times in efforts to obtain the discovery from Defendant and granted Defendant several extensions of time. For these reasons, Plaintiff is entitled to reimbursement of the fees and expenses she incurred in preparing and filing the instant motion. Now, Defendant is ordered to pay to Plaintiff the reasonable expenses and attorney's fees incurred by Plaintiff in preparing and filing the instant motion.

At the hearing, Plaintiff's counsel, Derek Schroth stated that he seeks a blended hourly rate of $275 for himself and his associate, Vanessa Grant for 32 hours for a total of $8,800. Plaintiff has not submitted any evidence to support this claim. Defense counsel did not raise any specific objections to the requested hourly rate or the number of hours spent and stated that he was "in no position really to rebut it." Transcript at 98. Where as here, the motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed.R.Civ.P. 37(a)(5)(C). Under these circumstances, and on this limited record, the Court is not comfortable awarding Plaintiff the $8,800 without giving the Defendant an additional opportunity to respond.

Within ten (10) days of the date of this Order, the Defendant should file its opposition, if any to the reasonable expenses and attorneys' fees sought by Plaintiff in connection with this motion to compel. If the Defendant does not file anything within the ten days then the Court will award Plaintiff the $8,800. If the Defendant does object

7

then it should tell the Court what it believes a reasonable amount is and then the Court will make its determination or, if necessary, set the matter for an evidentiary hearing.

   III.  PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY (Doc. 44)

In her Second Motion to Compel Discovery, Plaintiff asks the Court to compel Defendant to (1) produce documents pursuant to Plaintiff's Second Request for Production of Documents (Doc. 44-1 at 1-5); and (2) answer Plaintiff's Amended Second Request for Admissions (Doc. 44-1 at 27-28).

   Plaintiff's Second Request for Production of Documents

In requests numbered 1 and 2, Plaintiff seeks any and all life insurance applications which MONY approved and disapproved from October 1, 2008 through December 1, 2008.  Defendant has objected stating that the requests seek irrelevant information and that they are "overbroad, unduly burdensome, harassing and vague."

Objections which simply state that a discovery request is "vague, overly broad, or unduly burdensome", are, by themselves, meaningless.  A party properly objecting on these grounds "must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome."  Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007).  Here, Defendant has failed to offer any meaningful explanation as to how these requests are vague, overly broad or unduly burdensome.  As such, these unsupported and general objections are overruled.

As to relevance, Plaintiff claims that these documents are relevant to Defendant's claim that it would not have issued the policy if Mr. Harvey had fully and truthfully answered the questions on the reinstatement application.  Plaintiff wants to

review the requested applications to determine if Defendant approved or denied policy applications under similar circumstances to those in this case.

Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Pepperwood of Naples Condo Ass'n, Inc. v. Nationwide Mut. Fire Insur. Co., No. 2:10-cv-753-FtM-36SPC, 2011 WL 4596060, * 1 (M.D. Fla. Oct. 3, 2011)(quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).. The Eleventh Circuit has recognized that approved and disapproved insurance applications can be relevant because "they might [show] that [the insurer] had issued policies and honored claims under similar circumstances." Fernandez v. Bankers National Life Insur. Co., 906 F.2d 559 (11th Cir. 1990). While the applicability of the Fernandez case may be diminished by the number of alleged inaccuracies in the reinstatement application, the Court, nonetheless finds that the insurance applications requested for the three-month period are both relevant and discoverable.

In requests numbered 3 and 4, Plaintiff seeks "any and all Notices from AXA" to Ms. Henns or Mr. Harvey, "in 2006, 2007, and 2008, informing [her or him] that the premium payments were due on the Policy." Defendant objects claiming that the requests are vague in that the terms "Notice" and "AXA" are not defined.

With respect to "Notice", Defendant argues that the term is capitalized, thus suggesting that it is a defined term; however, it was not defined in the definitions section of the interrogatories. This argument is without merit. Regardless of whether "Notice" is capitalized or not, Plaintiff clearly is requesting copies of all notices informing her or

9

Mr. Harvey that the premium payments were due on the policy. Indeed, as defense counsel concedes, Defendant was able to respond to other requests to produce, which included the term "Notice" capitalized.

Likewise, Defendant's contention that "AXA" is too vague is without merit. In her Second Request for Production of Documents, Plaintiff stated "AXA as set forth in Defendant's 26(a)(1) A Initial Disclosure to the Court." Doc. 44-1 at 3. Counsel for Defendant concedes, the term "AXA" only appears in one place in the Rule 26 disclosures – "AXA Advisors, LLC" is included in the address for Mr. Bogeajis. At the hearing, counsel for Plaintiff confirmed that he was referring to "AXA Advisors, LLC." Tr. at 54.

Accordingly, Defendant's objections are overruled and Plaintiff's motion to compel is GRANTED as to Plaintiff's Second Request for Production of Documents. Defendant shall produce documents responsive to requests numbered 1, 2, 3 and 4 within ten (10) days of this Order.

<u>Plaintiff's Amended Second Request for Admissions</u>

On August 11, 2011, Plaintiff served on Defendant her Second Amended Request for Admissions. Defendant objected to requests numbered 1-6 and 8-10 primarily on the grounds that they were vague, and in some instances irrelevant. As discussed below, Defendant's objections are overruled in their entirety and Defendant is required to either admit or deny these requests for admissions.

In request number 1, Plaintiff asks Defendant to:

1. Admit the specimen copy of the Policy you provided to Plaintiff contains terms approved by the State of Illinois.

Defendant objected claiming that the terms "you" and "contains terms approved by the State of Illinois" are not defined and their meaning is unclear. The Court, however, has no idea how the term "you" can be vague where the request for admission is directed to the only defendant in the action. Likewise, it is unclear how Plaintiff could have further defined "contains terms approved by the State of Illinois."

In request number 2, Plaintiff asks Defendant to:

2. Admit you did not modify the form provisions approved by the State of Illinois when issuing the Policy at issue in this case.

Once again, Defendant objected claiming that it could not answer because the terms "form", "provision," "approved" and "State of Illinois" are vague. The Court, however, has little difficulty concluding that these terms are not vague. Indeed, it is difficult to comprehend how Defendant can take the position that these terms are unclear.

Next, Plaintiff's requests for admissions numbered 3, 4 and 5 seek information regarding AXA and the relationship between AXA and Mr. Bogeajis:

3. Admit Defendant is an AXA Financial Company.

4. Admit Dan Bogeajis is an AXA agent.

5. Admit Dan Bogeajis was AXA's agent from January 1, 2008 through August 11, 2011.

Defendant objects to these requests claiming that they are vague as the terms "AXA Financial Company", "AXA" and "agent" are not defined and they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as "AXA Financial Company" and "AXA" are not parties to this action. As discussed above, Plaintiff's counsel confirmed at the hearing that he was using the term

"AXA" as Defendant used it in its Rule 26 disclosures – "AXA Advisors, LLC." Accordingly, these terms are not too vague. Moreover, these requests for admissions are relevant. While "AXA" is not a party to this action, "AXA Advisors, LLC" was included in the address for Mr. Bogeajis and Plaintiff has submitted a number of papers showing that Defendant is referred to as "An AXA Financial Company." Doc. 44-1 at 11-21. Plaintiff is entitled to investigate the relationship between AXA, Defendant, and Mr. Bogeajis.

Next, in request number 6, Plaintiff asks Defendant to:

6. Admit AXA's agent, Dan Bogeajis, participated in five divorce mediations between the Plaintiff and decedent insured, Robert Harvey.

Defendant once again objected claiming that the request is vague as "AXA", "agent", "participated", "divorce mediation" are not defined, and the scope and extent of agency requested to be admitted is not defined. Defendant also objected on relevance grounds because "AXA" is not a party to this action. None of these terms are vague. Moreover, as discussed above, although "AXA" is not a party to this action, information relating to the relationship between AXA and Mr. Bogeajis is relevant to this action.

In request number 8, Plaintiff asks Defendant to:

8. Admit Dan Bogeajis attached to his e-mail (included in Exhibit "A") the timeline attached hereto as Exhibit "B."

Defendant objected stating that "MONY is without the ability to determine whether Exhibit "B" was attached to Exhibit "A." Pursuant to Fed.R.Civ.P. 36(4), Defendant would be entitled to assert lack of knowledge or information, only if it stated that it had made reasonable inquiry and the information it knows or which can be readily

obtained is insufficient to enable it to admit or deny.  Defendant has not complied with this rule and thus, its objection is insufficient.

In request number 9, Plaintiff asks Defendant to:

9.  Admit AXA through its Financial Company, MONY, accepted premiums for the Policy at issue in this case after April, 2009.

Defendant objected claiming that the request is vague as the terms "AXA" and "its Financial Company" are not defined. Once again, these terms are not vague, and thus, Defendant's objections are overruled.

Lastly, in request number 10, Plaintiff asks Defendant to:

10.    Admit that agent Dan Bogeajis testified that he attended at least one of Plaintiff's divorce mediations as an AXA Financial Advisor.

Defendant objected on the grounds that "agent", "AXA Financial Advisor", and "testified" are vague; the request is not relevant; and the official transcript of the testimony would be the best evidence.   These terms are not vague.  It was clear at the hearing that Plaintiff is referring to Mr. Bogeajis's deposition testimony taken in this case.  Moreover, as discussed above, the relationship between Mr. Bogeajis and AXA is relevant to this action.

Accordingly, Defendant's objections to Plaintiff's Requests for Admissions are overruled and Plaintiff's Second Motion to Compel Discovery is GRANTED.   Within ten (10) days of this Order, Defendant shall admit or deny Plaintiff's Requests for Admissions consistent with the requirements of Fed.R.Civ.P. 36.

<u>Attorneys' Fees and Costs</u>

Although the Court is granting Plaintiff's Second Motion to Compel, the Court finds that an award of fees and expenses is not justified because Plaintiff's counsel

failed to make a good faith effort to obtain the discovery prior to filing the motion. Rule 37(a)(4)(A).[6]

On September 2, 2011, Mr. Schroth sent an email to Mr. Good in which he stated, "Your client's objections have no merit. Please allow this email to serve as my client's good faith effort to resolve this discovery dispute. Should you not withdraw your objections by September 12, 2011, I will be filing a Motion to Compel." Doc. 49-1 at 3. While counsel agree that there was some additional email correspondence and Plaintiff's counsel left a voicemail message asking Defendant again to withdraw its objections, there is no suggestion that counsel had any substantive discussion regarding this discovery dispute. Mr. Schroth's demand that Plaintiff withdraw its objections falls short of a good faith effort to obtain the discovery without court intervention. Accordingly, the Court declines to award fees and expenses.

IV. CONCLUSION

Accordingly, for the reasons discussed above, it is ORDERED:

1. Plaintiff's Motion to Compel Discovery (Doc. 32) is GRANTED in part and DENIED in part as stated in the body of this Order.

2. Plaintiff's Motion for Leave to File A Reply To Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel Discovery (Doc. 38) is DENIED as MOOT.

3. Plaintiff's Second Motion to Compel Discovery (Doc. 44) is GRANTED.

---

[6] See Fed. R. Civ. P. 37(a)(5)(A)("if [a motion to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must* . .. require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . .." However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on October 31, 2011.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies to:
    All Counsel