UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THERESA HENNS,

          Plaintiff,

v.                                                          Case No.  5:11-cv-55-Oc-37TBS

MONY LIFE INSURANCE COMPANY OF
AMERICA,

          Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Motion to Complete The Deposition Duces Tecum of Defendant's Agent (Doc. 50) in which she seeks leave to depose non-party Daniel Bogeajis for a second full day on November 11, 2011 from 9:30 to 4:30 p.m. Defendant asks the Court to deny this request, or alternatively, if the Court permits a second deposition of Mr. Bogeajis, limit it to a period of three hours and to areas not inquired into at his first deposition.   (Doc. 56).

Pursuant to Fed.R.Civ.P. 30(d)(1):

> Unless otherwise stipulated or ordered by the court, a deposition is
> limited to 1 day of 7 hours.  The court must allow additional time
> consistent with Rule 26(b)(2) if needed to fairly examine the deponent
> or if the deponent, another person, or any other circumstance
> impedes or delays the examination.

On June 9, 2011, Plaintiff's counsel conducted a deposition of non-party Daniel Bogeajis, which lasted approximately five and one-half hours.  At the deposition, Mr. Bogeajis testified that he might have additional documents sought by the subpoena duces tecum – specifically, e-mails regarding Plaintiff's divorce action and e-mails regarding policy-related notices from MONY.  Plaintiff's counsel stated on the record,

"should you have any e-mails that we discussed, once those are produced, I may call you back to ask you about those e-mails as well as the correspondence logs" and "I'll reserve the right to call you back once I get these e-mails if this case continues." Doc. 50 at 21. Counsel for Defendant also reserved the right to question Mr. Bogeajis at a later time. Id.

Plaintiff subsequently served a Notice of Taking Continued Deposition Duces Tecum of Daniel Bogeajis scheduled for November 11, 2011. Doc. 56 at 26-7. Defendant objected claiming that: (1) the continuation of the deposition would violate the one-day and seven-hour limits imposed by Rule 30, Federal Rules of Civil Procedure; and (2) that most of the documents that Plaintiff is asking Mr. Bogeajis to bring to the deposition were all known and available to Plaintiff prior to the June 9, 2011 deposition. Doc. 50 at 23-24. Counsel for Defendant represents that during a subsequent conversation with Plaintiff's counsel, he agreed to withdraw Defendant's objection to a second deposition with the stipulation that the second deposition would be limited to no more than three to four hours, and to new areas of inquiry. Plaintiff apparently refused this proposal and failed to mention it in her motion.

Although it is unclear whether Plaintiff had (or could have obtained) all of the relevant documents prior to the June 9, 2011 deposition, there is no question that the parties have had a number of discovery disputes and Defendant produced a substantial number of documents after the first deposition. Moreover, Mr. Bogeajis may have located additional documents responsive to the subpoena duces tecum. Under these circumstances, the Court finds that Plaintiff should be permitted to continue the deposition of Mr. Bogeajis so that she can "fairly examine" him. However, the Court, is

unpersuaded that an entire day is necessary and finds that some limits on time and scope are appropriate.

Accordingly, Plaintiff's Motion to Complete the Deposition Duces Tecum of Defendant's Agent (Doc. 50) is GRANTED to the extent that Plaintiff may continue the deposition of Mr. Bogeajis, however, the deposition shall be limited to 4 hours and to areas of inquiry not covered in the earlier deposition.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on November 3, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:
    All Counsel