UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THERESA HENNS,

    Plaintiff,

v.                                                                    Case No. 5:11-cv-55-Oc-37TBS

MONY LIFE INSURANCE COMPANY OF
AMERICA,

    Defendant.
_____

## ORDER

Pending before the Court is Defendant Mony Life Insurance Company of America's Motion to Compel Production of Medical Records from Decedent Robert L. Harvey's Medical Care Providers (Doc. 52) to which Plaintiff filed a response in opposition (Doc. 52); and Defendant, MONY Life Insurance Company's Motion for an Extension of Time For the Completion of Discovery and Filing Dispositive Motions (Doc. 55) to which Plaintiff filed a response in opposition. (Doc. 61). These matters are ripe for review.

    I.    BACKGROUND

This case involves a dispute over the proceeds of a life insurance policy in the amount of $650,000 issued by Defendant, MONY Life Insurance Company of America, on the life of Robert G. Harvey. The policy initially was issued on July 24, 2000. According to Defendant, the policy lapsed on July 24, 2008 due to non-payment. Mr. Harvey later submitted a reinstatement application in October 2008 and the policy was reinstated effective December 1, 2008.

Plaintiff, Theresa Henns, is the beneficiary of the death benefit on the policy. Plaintiff made a request for payment of the policy proceeds. Because Mr. Harvey's death occurred within two years after the reinstatement of the policy, the policy was still contestable and MONY exercised its right to investigate the accuracy of Mr. Harvey's answers on the application for reinstatement. As a part of the review process, MONY obtained authorization from Plaintiff to secure records from several of Mr. Harvey's medical care providers. MONY obtained records from Hunt Club Medical Care, including Michael Gordon, M.D. and Michael Bebauer, M.D.; Joseph N. Deluca; Walmart; BCBS of Florida; Lifestream, and The Dermatology Group, P.A. (collectively referred to as the "Medical Care Providers"). The authorizations obtained from Plaintiff expired upon the denial of Plaintiff's claim.

Based on its investigation, MONY determined that Mr. Harvey's reinstatement application contained misrepresentations and omissions that were material to Defendant's approval of the reinstatement. MONY asserts that it would not have reinstated the policy had it known the true answers to the questions. Accordingly, Defendant notified Plaintiff that it was rescinding the policy.

This litigation ensued. On January 13, 2011, Plaintiff filed a Complaint against Defendant in the Circuit Court of the Fifth Judicial Circuit, Lake County, Florida for the payment of benefits under the policy. Defendant removed the action to this Court and asserted a counterclaim against Plaintiff for rescission of the policy on the grounds of material misrepresentations in Mr. Harvey's reinstatement application.

At issue here are the records from Mr. Harvey's Medical Care Providers. While not disputing that it obtained most (if not all) of these medical records prior to its

rescission of the policy, Defendant nonetheless seeks "the records and depositions in order to eliminate any issue of genuineness or authenticity of such records, which MONY anticipates offering into evidence at the trial in this matter, as well as the testimony of the healthcare providers." Doc. 55 at 6; see also Doc. 55-1 at ¶4.

MONY began its efforts to obtain these records in August 2011. First, MONY attempted to obtain written authorizations from Plaintiff, who was unable to provide such authorizations because she was not the personal representative of Mr. Harvey's estate. After determining that the personal representative was Mr. Henns, Plaintiff's brother, MONY notified counsel for Mr. Henns of its intent to subpoena Mr. Harvey's medical records, and his right to object thereto. Doc. 52, Exhibit A. Mr. Henns then filed his objection to the issuance of the subpoenas. Doc. 48.

Now, MONY moves the Court for an Order compelling Mr. Harvey's Medical Care Providers to produce all records related to Mr. Harvey, and to testify at deposition, in response to subpoenas. Plaintiff argues that the motion to compel should be denied as moot because Defendant already has all the medical and mental health records at issue. In addition, Defendant asks the Court to extend the discovery and dispositive motion deadlines so that it can obtain the medical records and conduct any depositions. Plaintiff argues that this request should also be denied because Defendant has not been diligent in scheduling or taking these depositions.

II.     DISCUSSION

As a general rule, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), prohibits disclosure of private medical data. See 45 C.F.R. §164.508(a) ("Except as otherwise permitted or required by this subchapter, a covered entity may

3

not use or disclose protected health information without an authorization that is valid under this section.")  HIPAA, however, permits disclosure in certain circumstances, including in judicial proceedings if ordered by the court, or in response to a subpoena if the healthcare provider is given "satisfactory assurance" that reasonable efforts have been made to ensure that the individual who is the subject of the protected health information has been given notice of the request, has been given time to raise an objection, and that no objection has been filed.  45 C.F.R. §164.512(e)(1).  Mr. Henns, in his capacity as personal representative, filed an objection to the subpoenas to Medical Care Providers (Doc. 48), and thus, Defendant is seeking an order from this Court.

Pursuant to the Federal Rules of Civil Procedure, "[parties] may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).   Here, there is no dispute that Mr. Harvey's medical condition at the time he applied for reinstatement of the subject insurance policy is relevant to this action.  Thus, the Court must determine whether the requested medical records are privileged.

Under Florida law,[1] "when a party has filed a claim, based upon a matter ordinarily privileged, the proof of which will necessarily require that the privileged matter be offered in evidence, we think that [the party] has waived his right to insist, in pretrial discovery proceedings that the matter is privileged." Savino v. Luciano, 92 So.2d 817, 817 (Fla. 1957).  Florida Statute § 90.507 provides that "[a] person who has a privilege

---

[1] Because no federal question is raised by this action, and the claims are controlled by state law, Florida state law governs the analysis of any privilege.  See Fed.R.Evid. 501 (questions of privilege "with respect to an element of a claim or defense as to which State Law supplies the rule of decision," must be determined in accordance with State law.

4

against the disclosure of a confidential matter or communication waives a privilege, if the person or the person's predecessor while holder of the privilege, voluntarily . . . consents to disclosure of, any significant part of the matter or communication."

This Court has no difficulty finding that any privilege regarding these medical records has been waived. First, Mr. Harvey's medical condition is an issue central to this lawsuit. Second, the Plaintiff expressly waived any privilege to Mr. Harvey's medical records when she signed the authorization during the claims process. Third, Mr. Harvey waived any privilege regarding his medical records when he applied for reinstatement of his Policy in October of 2008.

To the extent any of the records could have been protected by Florida's psychotherapist-patient privilege, such privilege is inapplicable where as here the patient is dead and a party to the lawsuit relies upon the mental health condition as an element of their claim or defense. See Fla. Stat. §90.503(4)(c)("There is no [psychotherapist-patient] privilege under this section . . . after the patient's death, in any proceeding in which any party relies upon the condition as an element of the party's claim or defense.")

Plaintiff, nonetheless, objects arguing that the motion to compel should be denied as moot because Defendant already has all the medical and mental health records at issue. While not disputing that it previously obtained these records, Defendant contends that it "seeks the records and depositions in order to eliminate any issue of genuineness or authenticity of such records, which MONY anticipates offering into evidence at the trial in this matter, as well as the testimony of the healthcare

5

providers." Doc. 55 at 6.  That MONY earlier obtained these records is not a basis for denying its request to issue subpoenas to Mr. Harvey's Medical Care Providers.

Because the medical records sought by Defendant are both relevant and not privileged the Court will order the Medical Care Providers to fully respond to subpoenas issued by Defendant and provide all relevant records of their consultation and treatment of Mr. Harvey.  The Court, however, cannot compel the Medical Care Providers to testify at a deposition that has not yet been scheduled and noticed.  See McMahon v. Presidential Airways, Inc., No. 6:05-cv-1002-Orl-28JGG, 2006 WL 5359797, *1 (M.D. Fla. Jan. 18, 2006).

In addition, Defendant asks the Court to extend the discovery and dispositive motion deadlines so that it can obtain the medical records and conduct any necessary depositions. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."

Plaintiff argues that Defendant's request for extension of these deadlines should be denied because Defendant has not been diligent in scheduling or taking these depositions.  Defendant, however, has outlined the numerous efforts (i.e., letters, emails, phone calls) it has taken since August 2011 to obtain these medical records. See Doc. 55-1.  And, it appears that Plaintiff's counsel encouraged counsel for Mr. Harvey's Estate to not cooperate with Defendant's requests.  Indeed, counsel for Defendant, Elliott Good, avers, "I have been advised by the said attorney for the estate that Plaintiff's attorney instructed him to refuse to provide any such authorizations and that his client would not provide such authorizations" Doc. 52-1 at ¶3.  Under these circumstances, the Court finds good cause to extend the deadlines set forth by the

6

Amended Case Management and Scheduling Order.  However, the deadlines proposed by Defendant are unworkable without moving the trial date, which the Court is unwilling to do.

    III.    CONCLUSION

For the reasons stated above, it is ORDERED:

1.  The Objection To Defendant's Request for Issuance of Subpoenas (Doc. 48) is OVERRULED.

2.  Defendant Mony Life Insurance Company of America's Motion to Compel Production of Medical Records from Decedent Robert L. Harvey's Medical Care Providers (Doc. 52) is GRANTED to the extent that Mr. Harvey's Medical Care Providers – Hunt Club Medical Care, including Michael Gordon, M.D. and Michael Bebauer, M.D.; Joseph N. Deluca; Walmart; BCBS of Florida; Lifestream, and The Dermatology Group, P.A. – shall fully respond to subpoenas issued by Defendant and provide all relevant records of their consultation and treatment of Mr. Harvey.

3.  Defendant, MONY Life Insurance Company's Motion for an Extension of Time For the Completion of Discovery and Filing Dispositive Motions (Doc. 55) is GRANTED to the extent that the discovery deadline is extended until January 13, 2012 and the dispositive and <u>Daubert</u> motion deadline is extended until January 31, 2012.   All other deadlines established by the Amended Case Management and Scheduling Order (Doc. 25) remain unchanged.

    IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on November 7, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel