UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THERESA HENNS,

     Plaintiff,

v.                            Case No.  5:11-cv-55-Oc-37TBS

MONY LIFE INSURANCE COMPANY
OF AMERICA,

     Defendant.

_____/

REPORT AND RECOMMENDATION[1]

Pending before the Court are:

1.     Plaintiff's Motion for Court's Judgment to Include Statutory Interest, Costs, and Attorney's Fees (Doc. 85);

2.     MONY Life Insurance Company of America's Memorandum in Opposition to Plaintiff's Motion for Court's Judgment to Include Statutory Interest, Costs, and Attorney's Fees (Doc. 96);

3.     Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Fees (Doc. 99);

4.     Defendant's Surreply to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Fees (Doc. 104)

5.     Plaintiff's Notice of Partial Resolution and Withdrawal of Multiplier Request (Doc. 106);

6.     Defendant's Response to Plaintiff's Notice of Partial Resolution and Withdrawal of Multiplier Request (Doc. 107); and

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

7.      Plaintiff's Amended Notice of Partial Resolution and Withdrawal of Fee Multiplier Request (Doc. 108).

## I. Background

This lawsuit was filed in state court and then removed to this Court based upon diversity jurisdiction (Doc. 1).   Plaintiff, Theresa Henns ("Henns") sued defendant, MONY Life Insurance Company of America ("MONY") to obtain $650,000.00 in benefits under a contract of life insurance (the "Policy") issued by MONY to Henns's deceased husband, Robert Harvey ("Harvey").  (Doc. 2).  On December 1, 2011, the District Judge granted Henns's motion for summary final judgment (Doc. 84).

Following the District Judge's decision, Henns motioned the Court for entry of judgment including the award of statutory interest, costs, and attorneys' fees (Doc. 85). Henns is requesting $650,000.00 under the Policy,  prejudgment interest in the amount of $68,536.53 as of December 30, 2011 plus $102.75 for each subsequent day until judgment is entered, and $5,097.09 in costs.  Her original request for attorneys' fees was a lodestar base award of $277,115.00 with a 2.0 multiplier for a total of $554,230.00. She subsequently withdrew her request for a multiplier and thus, the Court need not address her entitlement to one in this case.  Henns filed a notice advising the Court that due to the withdrawal of her fee multiplier request, she now seeks an award of $277,115.00 which is less than 40% of the judgment amount (the Policy proceeds plus interest).  Henns has also withdrawn all of her arguments that the Court should award her fees in excess of $277,115.00 and up to 40% of the total judgment amount (the Policy proceeds plus interest and statutorily awarded attorneys' fees).[2]  Therefore, the Court

_____

[2]See Docs. 106 and 108.

does not need to resolve the thorny issue of whether it could award Henns attorneys' fees up to 40% of the total judgment amount (the Policy proceeds plus all interest and statutory attorneys' fees).

The District Judge referred Henns's motion to the undersigned for a report and recommendation. The issues raised in Henns's motion have been fully briefed and are ripe for decision.

## II. Pre-Judgment Interest

MONY does not dispute that Henns is entitled to a judgment in the principal amount of $650,000.00 or that she is entitled to pre-judgment interest. However, the parties do not agree on the amount of pre-judgment interest to be awarded to Henns. Section 627.4615, Fla. Stat., provides for the payment of interest on the Policy proceeds as follows:

> When a policy provides for payment of its proceeds in a lump sum upon the death of the insured, the payment must include interest, at an annual rate equal to or greater than the Moody's Corporate Bond Yield Average-Monthly Average Corporate as of the day the claim was received, from the date the insurer receives written due proof of death of the insured. If the method of calculating such index is substantially changed from the method of calculation in use on January 1, 1993, the rate must not be less than 8 percent.

The terms of the Policy are more favorable to Henns than the statute. The Policy states that if the proceeds are not paid within 30 days after MONY receives "due proof" of Harvey's death, then MONY will "pay interest on the proceeds if required by the state," and that interest will be due from "the date of death to the date of payment of the proceeds."[3] Based upon the plain language of the Policy, the Court finds that Henns is

---

[3] Doc. 85 at 2-3.

entitled to recover prejudgment interest on $650,000.00 from the date of Harvey's death – March 3, 2010 – through the date final judgment is entered.

The parties do not agree on the rate of interest prescribed by the statute. Henns believes it is 5.77% which she arrived at by calculating the Moody's average yield for Aaa and Baa corporate rated bonds for the month of March, 2010.[4] MONY believes the correct rate is 5.27% which is the Moody's average for Aaa rated bonds during the same month. A bond rating is a grade assigned to a bond by an independent rating agency, one of which is Moody's, to indicate the bond's credit quality.[5] Ratings take the form of letter grads with "Aaa" being the highest possible rating and "D" denoting bonds that are in default.[6] Investors expect to earn higher yields on bonds with lower ratings to compensate them for the greater risk they are taking.[7] Consequently, the combination of yields for Aaa and Baa corporate bonds results in a higher rate of interest for Henns.

The parties have not cited any legal authorities and the Court has not located any discussing which class of bonds to use or if classes of bonds should be combined to arrive at the monthly corporate bond yield average. The Court's research took it to the Economic Research web site provided by the Federal Reserve Bank of St. Louis where data for the daily, weekly and monthly Moody's Corporate Bond Yield rates for both Aaa

---

[4] See Doc. 85-1.

[5] See Investopedia,http://www.investopedia.com/terms/b/bondrating.asp (last visited April 11, 2012).

[6] See id.

[7] See Wikipedia, http://en.wikipedia.org/wiki/Bond_(finance) (last visited April 11, 2012).

and Baa bonds can be found.[8]  The Federal Reserve does not publish a combined rate

for Aaa and Baa corporate bonds which suggests the yields are not typically combined.

The current version of § 627.4615 became law in July 1992.  For the month of

July 1992, Moody's average Aaa corporate bond yield was 8.07%[9] and the yield for Baa

bonds was 8.84%.[10]  Logically, if the Florida Legislature had intended for the interest rate

to be based upon a combination of the yields on different grades of bonds it would have

said so and it would have declared which grades of bonds to use.  Because the

Legislature did not do this, the Court concludes the Legislature intended the use of only

one grade of bonds and that the appropriate grade is Aaa because when the statute

became effective the yield on Aaa bonds was closest to the minimum 8 percent rate the

Legislature mandated if the method for calculation "substantially changed."[11]

For these reasons, the Court agrees with MONY and recommends pre-judgment

interest be calculated at the rate of 5.27%.  This results in $72,546.05 in interest through

the date of this report and recommendation with interest accruing at the rate of $93.85

per day for each subsequent day until judgment is entered.

### III.  Recoverable Costs

Henns seeks costs under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d).  She has

---

[8]   <u>See</u>  Economic   Research   Federal   Reserve   Bank   of   St.   Louis, http://research.stlouisfed.org.

[9] Doc. 96-1 at 24.

[10]   <u>See</u>   Economic   Research   Federal   Reserve   Bank   of   St.   Louis, http://research.stlouisfed.org/fred2/data//BAA.txt (last visited April 11, 2012).

[11] Section 627.4615, Fla. Stat. (2010).

filed a Bill of Costs (Doc. 85-4) listing the following expenses which MONY does not dispute or object to:

> Fees paid to the Clerk and Marshal for the filing fee, service of process and serving deposition subpoenas: $1,110.00.[12]

> Court reporting and transcription fees for five depositions and the hearing on Henns' motion to compel: $3,815.64.[13]

> Witness fees for two witnesses: $85.30.[14]

> Copies of records obtained from the State of Florida Department of Insurance Regulation: $86.15.[15]

> Photocopy charges paid to third parties to obtain copies of records: $49.00.[16]

> Fees charged by the State of Florida Department of Insurance Regulation for public records requests: $37.15.[17]

> Total: $5,183.24[18]

The Court finds all of these costs were reasonably necessary and that they are

---

[12]Recovery of these fees is authorized by 28 U.S.C. §§ 1920(1) and 1921; and U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000).

[13]Recovery of these fees is authorized by 28 U.S.C. § 1920(2); and U.S. E.E.O.C., 213 F.3d at 622.

[14]Recovery of these fees is authorized by 28 U.S.C. § 1920(3); and Woods v. DeAngelo Marine Exhaust, Inc., 2010 WL 4116571, *9 (S.D. Fla. Sept. 27, 2010).

[15]Recovery of these fees is authorized by 28 U.S.C. §§ 1920(4); and U.S. E.E.O.C., 213 F.3d at 624.

[16]Id.

[17]Per Henns, these records were used in support of her motion for summary judgment; the associated fees are recoverable pursuant to 28 U.S.C. §§ 1920(4).

[18] Although Henns requests $5,097.09 in costs, the sum of her recoverable costs is actually $5,183.24.

recoverable under § 1920.  To the extent there is any doubt about any of these cost items, the Court notes that MONY has not objected to them, and the Court does not believe the law prevents MONY from conceding costs not authorized by law. Therefore, the Court recommends Henns be awarded $5,183.24 as taxable costs.

### IV.  Attorneys' Fees

MONY objects to Henns's request for $277,115.00 in attorneys' fees on the ground that 656.65 hours claimed were unreasonable or unnecessary.  MONY has also asked the Court to reduce the hourly rates of Henns's attorneys and paralegal by whatever amount the Court deems reasonable.  For the following reasons, the undersigned concludes that Henns is entitled to an award of attorneys' fees in the amount of $257,451.25.

### A.  Entitlement

Henns's counsel seeks an award of attorneys' fees under §627.428, Fla. Stat. which provides that when a named beneficiary recovers judgment against an insurer under a policy or contract of insurance, the court "shall adjudge or decree against the insurer and in favor of the [ ] beneficiary a reasonable sum as fees or compensation for the [ ] beneficiary's attorney prosecuting the suit in which the recovery is had."  Since Henns prevailed on her claim and MONY's counterclaim, she is the prevailing party in this action and she is entitled to fees under the statute.[19]  MONY does not dispute that Henns is entitled to recover a reasonable attorneys' fee; rather, its challenge is solely as to the amount.

---

[19]Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 791-792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

B. The Lodestar Method

Where a claim for attorneys' fees is based upon a state statute, such as §627.428, and is raised in a diversity case, a federal court must follow the substantive law of that state in its determination.[20] Florida has adopted the federal lodestar approach to the determination of a reasonable attorneys' fee.[21] The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.[22] In computing the lodestar amount, the Court must consider the factors enumerated in Rule 4-1.5(b) of the Florida Rules of Professional Conduct.[23] Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a

---

[20]Trans Coastal Roofing Co., Inc. v. David Boland Inc., 309 F.3d 758, 760 (11th Cir. 2002).

[21]Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150-1151 (Fla. 1985).

[22]Id.; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam).

[23] See Florida Patient's Compensation Fund v. Rowe 472 So.2d 1145 (Fla. 1985). The factors to be considered as guides in determining a reasonable fee include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of efforts reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

number of factors including the results obtained.[24]  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[25]

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"[26] The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."[27]

Here, in support of the reasonableness of the fee award requested, Henns has submitted two affidavits by her fee expert, Del Potter ("Potter").[28]  Potter, an attorney for 39 years and a member of the Middle District of Florida Bar since October 1973, is a Senior Partner at the firm of Potter Clement Lowry, located in Mount Dora, Florida.  He opined that the time expended and the corresponding amount of fees charged for the work performed by Henns's attorneys was necessary, reasonable, and appropriate.  He

---

[24]Storfer v. Guarantee Trust Life Ins. Co., 666 F.3d 1277, (11th Cir. 2011)(citing Insurance Co. of North America v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991).

[25]Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

[26]Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting Hensley, 461 U.S. at 436).

[27]Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

[28] Doc. 85-12 titled "Affidavit as to Range of Market Rates for Attorneys of Different Skill Levels;" and Doc. 99-1 titled "Affidavit in Reply to Defendant's Memorandum."

further opined that the billing entries made by Henns's attorneys contain sufficient detail and are a reasonable method of describing the work counsel performed.

C.  Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[29]  The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates.[30]

Henns requests $300 per hour for Derek Schroth and Jason Radson, both of whom are partners in the law firm of Bowen Radson Schroth, P.A.  Mr. Schroth has over eleven years of experience and Mr. Radson has fifteen years of experience.  Henns requests $250 per hour for Vanessa Brant Oliver and Laura Lightsey, both of whom are associates with over four years of experience.  Henns requests $150 per hour for Zachary Broome as a law clerk and $175 per hour once he became an associate attorney.[31]  Henns also requests $100 per hour for Paralegal Amy M. Hasselbring, who is a Florida Registered Paralegal.

In support of these hourly rates, Henns filed affidavits by each of her attorneys and paralegal.[32]  In his affidavits, Potter opined that the rates charged by the firm in this

---

[29] <u>Norman</u>, 836 F.2d at 1299.

[30] <u>Id.</u>

[31] Between August 1, 2011 and September 27, 2011, Attorney Broome was still a law clerk and billed at the hourly rate of $150.00.  Beginning September 28, 2011, after he was admitted to the Florida Bar, he willed at the hourly rate of $175.00.

[32] The Affidavits are filed as Exhibits to the instant motion, Doc. 85-6 through Doc. 85-11.

case are reasonable and consistent with prevailing rates in this market for comparable lawyers and involving similar matters.

While Potter's Affidavits provide limited detail, his opinions are consistent with the Court's knowledge of market rates in Central Florida and the Middle District of Florida. Notably, MONY has not offered any evidence to refute the reasonableness of the requested hourly rates and it has not proposed rates it believes to be more reasonable. MONY's objection is further undercut by its own counsel's statement at an earlier hearing that a blended rate of $275 per hour on Henns's first motion to compel and $300 per hour on the second motion to compel would not "shock" him. As he explained, "I'm from the New York metropolitan area, and some people up there might be shocked but – but in a different way."[33]

Having considered the experience of the attorneys, the location of their practice, and the Court's knowledge of market rates in Central Florida, the undersigned finds that the requested hourly rates are reasonable and recommends that the following hourly rates be approved:

| Attorney/Paralegal | Hourly Rate |
|---|---|
| Derek Schroth | $300 |
| Jason Radson | $300 |
| Vanessa Grant Oliver | $250 |
| Laura Lightsey | $250 |
| Zachary Broome | $150 as a law clerk<br>$175 as an associate attorney |

---

[33] Doc. 53 at 89.

| Paralegal Amy McCain Hasselbring | $100 |

D.  Reasonableness of Hours Expended

Next, the Court must determine the number of hours reasonably expended by Henns's counsel on this litigation.  The attorney fee applicant should present records detailing the amount of work performed.  "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary."[34]  Once the prevailing party produces adequate billing records, the fee opponent "has the burden of pointing out with specificity which hours should be deducted."[35]

Henns seeks compensation for 1,033.30 hours of legal work on this case, comprising: (1) 595.70 hours for attorney Derek Schroth; (2) 24.05 hours for attorney Jason Radson; (3) 295.25 hours for attorney Vanessa Grant Oliver; (4) 23.30 hours for attorney Laura Lightsey; (5) 2.8 hours for Zachary Broome as a law clerk and 25.5 hours as an associate attorney; and (6) 66.7 hours for paralegal Amy McCain Hasselbring.[36] Henns believes her lawyers exercised billing judgment as evidenced by the reduction in

---

[34] Rowe, 472 So.2d at 1150.

[35] Rynd v. Nationwide Mutual Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, * 9 (M.D. Fla. January 25, 2012)(quoting Centex-Rooney Const. Co., Inc. V. Martin County, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999).

[36] Henns has filed a "Statement of Billing and Costs" which details all of the time spent on this case by the lawyers and paralegal.  Henn's legal team is identified in the time entries as follows: Attorney Schroth -- "DAS "; Attorney Radson --"JMR"; Attorney Oliver – "VGO"; Attorney Lightsey – "LLL"; Attorney Broome – "ZTB"; and Paralegal Hasselbring – "AH."  Doc. 85-3.

the number of hours for which she seeks compensation from 1,070.25 down to 1,033.30.[37]  MONY disagrees and argues that the Court should deduct hours that are "excessive, redundant or otherwise unnecessary."  In a footnote, MONY explains that it simply has provided examples of Henns's counsel's excessive and unnecessary hours and that the Court should review Exhibit B – a 17-page Excel spread sheet – which identifies "all objectionable entries and the specific grounds therefor."[38]

The undersigned has considered the requested hours both in the aggregate and on a line-by-line basis and finds, with the limited exceptions noted below, that the number of hours requested were reasonably expended on this case, especially in light of the parties' repeated, contentious discovery disputes.  Despite MONY's vigorous opposition, Henns's counsel secured a beneficial result and Henns obtained full recovery under the Policy.

Pre-Suit Time Entries

MONY argues that Henns should not be awarded attorneys' fees for work done before the Complaint was drafted and filed.  MONY identifies 29.70 hours of attorney and paralegal time from July 23, 2010 through December 2, 2010 which it contends should be excluded.

Courts have reached different conclusions about whether attorneys' fees for pre-suit legal work can be recovered under § 627.428, Fla. Stat.  At least two courts have read the statute narrowly, finding that it authorizes an attorneys' fee award only for work

---

[37] In Exhibit R to the instant motion, Henns attached a chart listing all redacted attorney and paralegal hours.  Doc. 85-46.

[38] Doc. 96 at 8, n.16 & 11, n.22.

spent "prosecuting the suit" and not for pre-suit activities[39]  Other courts have authorized

recovery for time entries that predate the filing of the complaint, reasoning that

"construing the statute to preclude necessary pre-suit fees would defeat its goal to 'place

[the insured] in the place it would have been if [the insurer] had seasonably paid the

claim without causing [the insured] to retain counsel and incur obligations for attorney's

fees.'"[40]  Florida courts have held that pre-suit work is recoverable when it was

necessitated by the insurer's unreasonable conduct.[41]

When Henns first met with her attorneys in July 2010, MONY had already sent a

claim determination letter advising it would not pay benefits to her because it had

rescinded the Policy due to misrepresentations in the application. As discussed in the

summary judgment Order, Henns's counsel on two occasions requested copies of the

original Policy, all amendments thereto, and the Reinstatement Applications, which

MONY refused to provide.[42]  In late October 2010, MONY finally provided  "a blank

specimen copy" of the Policy with "corresponding policy-specific information."[43]  It was

_____

[39]  See Kearney v. Auto-Owners Insurance Company, Case No. 8:06-cv-595-T-24TGW, 2010 WL 3119380, at *8-9 (M.D. Fla. August 4, 2010); Dunworth v. Tower Hill Preferred Ins., Co., 05-14019-CIV, 2006 WL 889424 at *2 (S.D. Fla. Feb. 14, 2006).

[40]  Wendel v. USAA Cas. Ins. Co., 2009 WL 1971451, at *3 (M.D. Fla. July 8, 2009)(quoting Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP, 900 So.2d 676, 679 (Fla. App. Ct. 2005)).

[41]  See Rynd v. Nationwide Mutual Fire Ins. Co., 8:09-cv-1556-T-27TGW, 2012 WL 939387, * 7 (M.D. Fla. January 25, 2012)(compiling cases for this proposition).

[42] Doc. 84 at 17-18.

[43] Id.

not until after this lawsuit was instituted that MONY finally disclosed that it did not have a copy of the Policy.[44]  Under these circumstances, the pre-suit work was necessitated by MONY's unreasonable conduct.  It is also clear from the time entries that by late October 2010, Henns's attorneys had shifted to "prosecuting the suit" and that time was expended on tasks related to preparation for litigation.  Therefore, the undersigned recommends that MONY's objections to the pre-suit time be overruled.

Block Billing

MONY contends that 62 time entries equaling 212.25 hours should be reduced by 20% because they contain impermissible block billing.  Block billing is the practice of grouping multiple tasks in a block summary under a single time entry.  "However, the mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block-billing."[45]

Here, while there are some instances where the attorneys or paralegal listed more than one task in an entry, the tasks are frequently intertwined or otherwise sufficiently related to one another to warrant summary in a single time entry.  For example, MONY has objected to Attorney Schroth's time entry on November 8, 2011 for 10.00 hours:

> Preparation for and attendance at deposition of Marcus Burdick, multiple conferences with client concerning case strategy, multiple conferences with opposing counsel regarding defendant's failure to comply with Court's order and other related discovery issues.

As Henns confirmed, these tasks were properly included together in one time entry

---

[44] Id.

[45] Franklin v. Hartford Life Ins. Co., 8:07-cv-1400-T-23MAP, 2010 WL 916682, *3 (M.D. Fla. March 10, 2010).

because the multiple conferences with opposing counsel and Henns occurred during the course of Mr. Burdick's deposition.[46]

After carefully reviewing the time sheets, the undersigned finds that the time entries are sufficiently detailed so that the Court can determine how time was spent and that the amount of time expended for the tasks was reasonable. Consequently, it is recommended that these time entries not be reduced on the basis of block billing.

Excessive Time

MONY objects to a number of time entries as being excessive – (1) 6.50 hours for researching and drafting Complaint; (2) 5.10 hours for demand for jury trial and research regarding diversity jurisdiction; (3) 25.95 hours regarding Answer to one-count Counterclaim; (4) 2.5 hours researching definition of "medical facility;" (5) 1.5 hours conferring on case management conference; (6) 8.7 hours preparing discovery requests; and (7) 4.75 hours research regarding objections to subpoena.[47] After reviewing these time entries, MONY's objections and Henns's response thereto, the Court finds the number of hours requested is reasonable and further finds no basis to reduce them. Therefore, the undersigned recommends that MONY's objections to these time entries should be overruled.

MONY also asks the Court to disallow 131.10 hours related to tasks MONY contends were "unnecessary."[48] While MONY has suggested why these tasks might be

---

[46] See Doc. 99 at 2, n.8.

[47] These time entries are coded as E-1 through E-7.

[48] These time entries are coded as U-1 through U-10.

"unnecessary," the undersigned has reviewed the time entries as well as Henns's response and finds the tasks were reasonably necessary and that the number of hours expended on them was reasonable. Thus, the undersigned recommends that MONY's objections to these time entries should be overruled.

Insufficient Detail and Redundant /Duplicative Entries

On its spreadsheet, MONY identifies 61.70 hours it contends should be disallowed because the associated time entries provide insufficient detail. The Court has reviewed these entries and finds that Henns's counsel set out the general subject matter of the time expended "with sufficient particularity so that the court can assess the time claimed for each activity." Norman, 836 F.2d at 1303. Thus, no hours should be deducted for lack of sufficient detail.

On its spreadsheet, MONY also identifies 10.05 hours that it contends should be disallowed because the time entries are redundant/duplicative. The Court has reviewed these time entries and finds they are neither redundant or duplicative, and MONY's objections on this ground should be overruled.

Unsuccessful or Partially Successful Motions

Next, MONY contends that time entries related to several unsuccessful or partially successful discovery motions should be reduced or disallowed entirely.

MONY takes issue with the 50.20 hours expended related to Henns's first motion to compel (Doc. 32) which was granted in part and denied in part. MONY believes any portion of the award for fees which relates to the preparation of this motion should be reduced by no less than 60% since Henns was only partially successful. Contrary to

-17-

MONY's characterization, the motion was granted almost entirely in Henns's favor. There is no dispute that the requested discovery was important for Henns's prosecution of this matter and MONY does not cite any legal authority supporting a reduction of hours for a motion that, although not entirely meritorious in itself, was pursued in connection with a successful claim.[49]  Accordingly, MONY's objections on this ground should be overruled.

MONY also argues that 14.00 hours spent on Henns's second motion to compel discovery (Doc. 44) should be deducted because although the Court granted the motion, it declined to award fees because Henns's counsel failed to make a good faith effort to obtain the discovery prior to filing the motion.[50]  This determination by the Court was made under Rule 37, Fed.R.Civ.P., and was not based on the prevailing party standard under § 627.428, Fla. Stat.  Although Henns's counsel failed to adequately confer prior to filing the motion, there is no question that MONY's objections to the discovery requests  – which necessitated the filing of the motion – bordered on the ridiculous.[51]  Accordingly, MONY's objections on this basis should be overruled.

MONY takes issue with 34.30 hours expended opposing its motion to compel production of medical records (Doc. 52) and 16.35 hours spent opposing its motion to extend the discovery deadline. (Doc. 55).  In these motions, MONY sought an order

_____

[49] Rynd v. Nationwide Mutual Fire Ins. Co., 8:09-cv-1556-T-27TGW, 2012 WL 939387, * 5 (M.D. Fla. January 25, 2012).

[50] See Doc. 59.

[51] For example,  MONY took the position that various terms in the discovery requests, including "State of Illinois," "form," "provision," and "approved" were so vague that MONY could not respond.  See Doc. 49.

-18-

compelling Harvey's medical care providers to produce all records related to Harvey and to testify at deposition and requested an extension of the discovery and dispositive motion deadlines so that it could obtain the medical records and conduct any necessary depositions. Henns filed a response to each motion. (Docs. 58, 61).

MONY argues that all of the time spent by Henns's counsel should be disallowed because the "Court granted MONY's Motion to Compel and granted its Motion to Extend, finding Plaintiff's opposition to be baseless . . ."[52] While MONY's characterization is not entirely accurate, the Court granted the majority of the relief it sought. In light of the weakness of Henns's positions and the evidence suggesting Henns's counsel encouraged counsel for Harvey's Estate to not cooperate with MONY's requests to obtain the medical records, the undersigned finds that 50.65 hours is excessive and should be reduced. While there is no exact science involved in determining a reasonable amount of time for which Henns's counsel is properly awarded fees, the undersigned recommends that the time spent responding to MONY's motion to compel production of medical records (Doc. 52) and MONY's motion to extend the discovery deadline (Doc. 55) should be reduced by 80%.[53]

Time Spent on Motions that Were Never Filed or Were Withdrawn

MONY argues the time spent preparing motions that were not ultimately filed – (1) 38.90 hours related to the preparation of a second motion for summary judgment; (2)

---

[52] Doc. 96 at 6.

[53] Attorney Schroth billed 10.95 hours related to these two motions; 8.76 hours will be disallowed. Attorney Radson billed 1.70 hours; 1.36 hours will be disallowed. Attorney Oliver billed 38.00 hours; 30.40 hours will be disallowed.

4.60 hours on research presumably for preparation of a motion for judgment on the pleadings; and (3) 12.30 hours on a fifth motion to compel – should be disallowed. MONY also contends that 33.05 hours claimed for the preparation of Henns's five-page Motion for Relief under Fed.R.Civ.P. 37(b)(2)(A) (Doc. 72) should be disallowed entirely because the motion was subsequently withdrawn.

The fact that the Court granted summary judgment in favor of Henns, and thus, she did not have a need or opportunity to file (or re-file) these motions, does not automatically render the time spent preparing them unreasonable or unrecoverable. However, the undersigned agrees that Henns should not be fully compensated for the time spent preparing these motions which were never filed with the Court.  In the undersigned's view, a 30% reduction of the time expended preparing these motions is reasonable.[54]

Paralegal Hours

MONY believes the Court should disallow 38.00 of the 66.70 paralegal hours requested by Henns.[55]  Work by paralegals is recoverable "only to the extent that the paralegal performs work traditionally done by an attorney."[56]  A number of the time entries identified by MONY are clerical or attorney work with a clerical component and thus should be reduced in part.  Perhaps recognizing this, Henns has agreed to a further

_____

[54] Attorney Schroth billed 56.50 hours related to these four motions; 16.95 hours should be disallowed.  Attorney Broome billed 17.1 hours; 5.13 hours should be disallowed. Attorney Oliver billed 15.25 hours; 4.58 hours should be disallowed.

[55] Henns represents that 15.65 of the 82.35 paralegal hours listed on the statement were already voluntarily deducted.

[56] <u>Jean v. Nelson</u>, 863 F.2d 759, 778 (11th Cir. 1988).

19.00 hour reduction in paralegal time. After reviewing the paralegal time entries, the Court finds this voluntary reduction more than suffices to eliminate any unrecoverable work performed by Paralegal Hasselbring. Therefore, the undersigned recommends that the paralegal time be reduced by 19.00 hours.[57]

E. Summary

In summary, the undersigned recommends that the amount of time expended by Henns's attorneys should be reduced by 86.18 hours, finding that a reasonable lodestar for Attorney Schroth is 569.99 hours at $300 per hour for a fee award of $170,997.00; Attorney Radson is 22.69 hours at $300 per hour for a fee award of $6,807.00; Attorney Oliver is 260.27 hours at $250 per hour for a fee award of $65,067.50; Attorney Lightsey is 23.30 hours at $250 per hour for a fee award of $5,825.00; Attorney Broome is 2.8 hours at $150.00 and 20.37 hours at $175.00[58] for a fee award of $3,984.75; and Paralegal Hasselbring is 47.7 hours at $100.00, for a fee award of $4,770.00, making the total lodestar award $257,451.25.

V. Recommendation

In view of the foregoing, it is respectfully RECOMMENDED that:

Plaintiff's Motion for Court's Judgment to Include Statutory Interest, Costs, and Attorney's Fees (Doc. 85) should be GRANTED to the extent that Henns be awarded:

(1) $650,000.00 in damages;

---

[57] This 19.00 hour reduction includes 0.20 hours spent filing the Rule 26 Compliance which was improperly filed and thus stricken by the Court.

[58] Between August 1, 2011 and September 27, 2011, Attorney Broome was still a law clerk and billed at the hourly rate of $150.00. Beginning September 28, 2011, after he was admitted to the Florida Bar, he willed at the hourly rate of $175.00.

(2) $257,451.25 in attorneys' fees pursuant to §627.48, Fla. Stat.; and

(3) $72,546.05 in prejudgment interest through the date of this report and recommendation with interest accruing at the rate of $93.85 per day for each subsequent day until judgment is entered; and

(4) $5,183.24 in costs.

IN CHAMBERS in Ocala, Florida, on April 13, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

The Honorable Roy B. Dalton, Jr.
United States District Judge

Counsel of Record