**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

THERESA HENNS,

        Plaintiff,

vs.                                            Case No. 5:11-cv-55-J-37TBS

MONY LIFE INSURANCE
CO. OF AMERICA,

        Defendant.

---

**ORDER**

This cause is before the Court on the following:

1)     Plaintiff's Motion for Court's Judgment to Include Statutory Interest, Costs, and Attorney's Fees (Doc. No. 85);

2)     MONY Life Insurance Company of America ("MONY")'s Memorandum in Opposition to Plaintiff's Motion for Court's Judgment to Include Statutory Interest, Costs, and Attorney's Fees (Doc. No. 96);

3)     Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Fees (Doc. No. 99);

4)     Defendant's Surreply to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Fees (Doc. No. 104);

5)     Plaintiff's Notice of Partial Resolution and Withdrawal of Multiplier Request (Doc. No. 106);

6)     Defendant's Response to Plaintiff's Notice of Partial Resolution and Withdrawal of Multiplier Request (Doc. No. 107);

7) Report and Recommendation (Doc. No. 110), entered by the Honorable Thomas B. Smith, United States Magistrate Judge, on April 13, 2012;

8) MONY Life Insurance Company of America's Objections to Report and Recommendation Regarding Plaintiff's Motion for Court's Judgment to Include Statutory Interest, Costs, and Attorney's Fees (Doc. No. 112), filed on April 27, 2012;

9) Mrs. Henns ("Henns")'s Response to MONY's Objection (Doc. No. 113), filed on April 29, 2012.

## BACKGROUND

On January 13, 2011, Henns filed a complaint against MONY in the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida. (Doc. No. 2.) Henns sued MONY to obtain $650,000 in benefits under a contract of life insurance (the "Policy") issued by MONY to Henns's deceased husband, Robert Harvey. (*Id*.) On February 9, 2011, MONY removed this case based on diversity jurisdiction. (Doc. No. 1.)

On December 1, 2011, the Court granted Henns's motion for summary judgment. Thereafter, on December 9, 2011, Henns filed a Motion for Court's Judgment to Include Statutory Interest, Costs, and Attorney's Fees. (Doc. No. 85.) Henns requests the $650,000 available to her under the Policy, prejudgment interest in the amount of $68,536.53 as of December 30, 2011 plus $102.75 for each subsequent day until judgment is entered, and $5,097.09 in costs. (*See* Doc. No. 85.) She also seeks an award of $277,115.00 in attorney's fees.

On April 13, 2012, the Judge Smith issued a Report and Recommendation ("R&R") addressing each of Henns's requests. (Doc. No. 110.) MONY filed a number of objections

to the R&R, which the Court addresses below.

## STANDARD OF REVIEW

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

## DISCUSSION

### A.    Pre-Judgment Interest & Recoverable Costs

MONY does not object[1] to Judge Smith's recommendations regarding pre-judgment interest or recoverable costs. (*See* Doc. No. 112, p. 2 nn.1-2.) After a review of the record, and finding no plain error, the Court adopts in full Judge Smith's recommendations on these issues.

### B.    Attorney's Fees

#### 1.    Pre-Suit Time Entries

MONY objects to an award of any attorney's fees incurred prior to the initiation of the litigation. (Doc. No. 112, p. 3.) In short, it requests the Court deny Henns's request for

---

[1] The Court notes that MONY filed a Notice of Appeal (Doc. No. 109) of the Court's Order granting summary judgment in favor of Henns prior to filing its objections to the R&R. In its objections, it states, "MONY submits its instant objections and non-objections to certain of the specific recommendations in the Report solely for the purposes of 28 U.S.C. 636 and Fed. R. Civ. P. 72(b). MONY does not waive, and expressly reserves its right to challenge Plaintiff's right to any award of interest, costs, or attorney's fees on appeal." (Doc. No. 112, p. 2.)

attorney's fees for 29.70 hours of pre-suit work including, "impermissible entries such as 'Draft Fee Agreement.' " (*Id.* at p. 6.)  Finding that MONY engaged in "unreasonable conduct" when it neglected to notify Henns that it did not have a copy of the Policy and after analyzing the applicable case law on this issue, Judge Smith recommended that MONY's objections to the pre-suit attorney's fees be overruled.  After a *de novo* review, the Court adopts Judge Smith's recommendation and overrules MONY's objection.

### 2. Block Billing

MONY raises objections to a number of Henns's billing entries, which were provided on a spread sheet for the Court's review.  (*Id.* at p.7; *see* Doc. No. 96-2.)  MONY claims that these entries are impermissible because the tasks included in them are "neither intertwined nor sufficiently described so as to provide a reviewing court with the information needed to assess the reasonableness of time spent as to each discrete task." (Doc. No. 112, p. 8.)  After a review of the time sheets, the Court finds that the time entries were sufficiently detailed to allow it to determine whether the amount of time spent for each task for was reasonable.  Therefore, it adopts Judge Smith's recommendation and overrules MONY's objection.

### 3. Excessive Time, Insufficient Detail, & Redundant/Duplicative Billing Entries

MONY also objects to various entries on the time sheet as being excessive and because it claims Henns did not use "sufficient particularity" to allow the Court to assess the time claimed for each activity.  (*Id.* at pp. 10-12.)  Finding the subject time entries reasonable in time and description, the Court overrules these objections as well, and adopts Judge Smith's recommendations.

### 4. Unsuccessful or Partially Successful Motions

MONY takes issue with "the approximately 50 hours expended by Plaintiff on her first motion to compel," as well as several other unsuccessful or partially successful motions. (Doc. No. 112, pp.14-17.) After conducting a *de novo* review of the motions at issue and the relevant law, the Court adopts Judge Smith's recommendation, and reduces the time that Henns spent responding to MONY's motion to compel production of medical records (Doc. No. 52) and MONY's motion to extend the discovery deadline (Doc. No. 55) by 80%.

### 5. Time Spent on Motions that Were Never Filed or Were Withdrawn & Paralegal Hours

Finally, MONY objects to the award of attorney's fees for time spent on the preparation of motions that were never filed or were filed, but later withdrawn, and also asks the Court to "disallow 38.00 or the 66.70 paralegal hours requested by Henns." (Doc. No. 112, p. 17.) After considering MONY's objections and reviewing the record, the Court adopts Judge Smith's recommendations on these issues as well. Therefore, it finds appropriate a 30% reduction of the time expended preparing motions that were never filed. Additionally, in light of MONY's objection to the time listed for "paralegal time," Henns voluntarily agreed to a 19.00 hour reduction. Like Judge Smith, this Court finds the voluntarily reduction "more than suffices to eliminate any unrecoverable work performed by Paralegal Hasselbring," and adopts his recommendation that paralegal time be reduced by 19.00 hours. (Doc. No. 110, p. 20.)

## CONCLUSION

In summary, after a *de novo* review of the filings, the Court agrees entirely with the findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation and overrules MONY's objections.  Therefore, it is **ORDERED** as follows:

1) The Report and Recommendation (Doc. No. 110), filed on March 21, 2012, is **ADOPTED** and **CONFIRMED** and made a part of this Order;

2) Plaintiff's Motion for Court's Judgment to Include Statutory Interest, Costs, and Attorney's Fees (Doc. No. 85) is **GRANTED**;

3) The Clerk is directed to enter judgment in favor of Plaintiff, Theresa Henns, pursuant to its December 1, 2011 Order (Doc. No. 84), awarding attorney's fees and costs as set forth in the Report and Recommendation (Doc. No. 110), which is adopted in full by this Order.  Additionally, the Clerk is directed to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on May 7, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record