**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

THERESA HENNS,

        Plaintiff,

vs.                                                                        Case No. 5:11-cv-55-J-37TBS

MONY LIFE INSURANCE
CO. OF AMERICA,

        Defendant.

---

**ORDER**

This cause is before the Court on the Agreed Motion of Parties for Vacatur of Judgment and Amended Judgment. (Doc. No. 124.)[1] "Generally, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal . . . such a filing, however, does not prevent the district court from taking action in furtherance of the appeal." *Equal Access for All, Inc. v. Hughes Resort, Inc.,* No. 5:04-cv-178, 2006 WL 1313189, at *1 (N.D. Fla. Oct. 4, 2006). Additionally, the Comments to Rule 62.1[2] provide:

> This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue. Experienced lawyers often refer to the suggestion for remand as an "indicative ruling."

---

[1] Pursuant to Federal Rule of Civil Procedure ("Rule") 61.2, the Court will construe this as a motion for indicative ruling.

[2] This Rule was first adopted in 2009.

On December 1, 2011, this Court granted summary judgment in favor of Ms. Theresa Henns ("Plaintiff"). (*See* Doc. No. 84.) The Court later denied MONY Life Insurance Company of America (Defendant)'s Motion for Reconsideration (*see* Doc. No. 102), and on April 4, 2012, Defendant filed a notice of appeal (Doc. No. 109). On May 8, 2012, the Court entered Judgment in favor of Plaintiff (Doc. No. 115), which it later amended on May 10, 2012 (*see* Amended Judgment, Doc. No. 118).

On May 23, 2012, the parties engaged in mediation conducted by the Kinnard Mediation Center of the Eleventh Circuit Court of Appeals and "reached an amicable confidential settlement." (Doc. No. 124, p. 2.) As part of the settlement, the parties "expressly agreed" that they would move for vacatur of the Judgment (Doc. No. 115) and the Amended Judgment (Doc. No. 118). (*See* Doc. No. 124, p. 2.) Accordingly, they filed the Agreed Motion of Parties for Vacatur of Judgment and Amended Judgment (Doc. No. 124) that is the subject of this Order.

Upon review, the Court finds that the parties' Motion (Doc. No. 124) is due to be granted. The public interest served by a federal district court's resolution of a matter of Florida insurance law is outweighed by the beneficial effect of settlement of the dispute between these parties. Additionally, the fact specific nature of the findings on which this Court based it's summary judgment order make the benefit future litigants would derive from that decision uncertain; however, there is no question that these litigants will benefit from putting this matter to rest.[3]

---

[3] On June 6, 2012, the Court granted the parties' Agreed Motion for Continued Stay Pending Appeal Without Bond (Doc. No. 122). Therefore, absent this settlement agreement, Plaintiff may not have received any of the proceeds this Court found Defendant owed to her until resolution of the appeal. Further, because the Court granted summary judgment in Plaintiff's favor, there is no telling whether the Eleventh Circuit might have

2

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED:**

1) The parties' Agreed Motion of Parties for Vacatur of Judgment and Amended Judgment (Doc. No. 124), which the Court construes as a motion for indicative ruling is **GRANTED**. Pursuant to Rule 62.1(a)(3), the Court "states that it would grant the [Motion to Vacate the Judgment (Doc. No. 115) and Amended Judgment (Doc. No. 118)] if the court of appeals remands for that purpose . . . ."

2) Pursuant to Rule 62.1(b), Defendant MONY Life Insurance Company of America "shall promptly notify the circuit clerk" for the Eleventh Circuit Court of Appeals of this Court's decision, in accordance with "Federal Rule of Appellate Procedure 12.1."

3) Pending remand from the Eleventh Circuit, the stay of execution (*see* Doc. No. 123) shall stay in effect.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on June 13, 2012.

ROY B. DALTON, JR.
United States District Judge

---

remanded the case for a full trial on the merits. If it did, this action might not be fully resolved for several years.

Copies:
Counsel of Record